GILSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 14, 1919.)

No. 215.

1. CRIMINAL LAW ⬦825(2)—INSTRUCTIONS—NECESSITY OF REQUESTS.

Instruction in a conspiracy case that commission of one of the overt acts alleged by one or more of defendants would sustain a conviction, etc., *held* not erroneous, because authorizing a conviction on an overt act not proven, or committed by a codefendant who had been acquitted, where no further instruction was requested.

2. CRIMINAL LAW ⬦1059(1)—REVIEW—EXCEPTIONS IN LOWER COURT.

In a conspiracy case, exception to part of charge stating it would be sufficient if any one or more of alleged overt acts was established *held* insufficient to raise on writ of error question that charge allowed a conviction based on overt act not proven, or committed by a codefendant who had been acquitted.

3. CRIMINAL LAW ⬦844(1)—INSTRUCTIONS—EXCEPTIONS.

Exception to charge in criminal case must be specific, and not general.

4. CRIMINAL LAW ⬦1048—ERRORS NOT RAISED BY EXCEPTION.

While plain error not raised by exception may be noticed on appeal, right to do so will not be exercised, unless it is evident that serious injustice will otherwise result.

5. CRIMINAL LAW ⬦1056(1)—ERROR NOT RAISED BY EXCEPTION—INSTRUCTIONS.

Any error in an instruction in a conspiracy case, claimed to permit jury to consider unproven overt acts, does not authorize a reversal, in absence of an exception, where numerous overt acts were established by evidence.

6. CONSPIRACY ⬦47—EVIDENCE—SUFFICIENCY.

Indirect evidence regarding defendant's participation in a conspiracy to defraud United States, by substituting inferior materials in army service hats, *held* to sustain a conviction.

7. CRIMINAL LAW ⬦1159(2)—REVIEW—QUESTIONS OF FACT.

Where record in a criminal case contains sufficient evidence on part of prosecution to require submission to jury, any reasonable doubt raised by accused's evidence is solely for jury, and will not be re-examined by appellate court.

---

In Error to the District Court of the United States for the Southern District of New York.

Arthur C. Gilson and Thomas J. Duffy were convicted of conspiring to defraud the United States, and they bring error. Affirmed.

The indictment is against numerous persons and corporations for a conspiracy (Criminal Code [Act March 3, 1909, c. 321] § 37, 35 Stat. 1096 [Comp. St. § 10201]) to defraud the United States. It was charged and proven that several firms and corporations (whose names are of no importance) contracted with the United States, through proper officers of the War Department, to make about a million "service hats" for army use. The several contracts calling for this quantity of headgear were made at divers times between June, 1916, and June, 1917; that is, both before and after the declaration of war by the United States against Germany. The indictment having been severed as to some of the defendants, the earlier contracts became unimportant, when Gilson and Duffy, with two other men, were tried.

Many, if not most of the hats contracted for were made at two factories; one in Peekskill, N. Y., and the other in New Jersey. Gilson was an employé of the United States and inspector at the Peekskill factory; Duffy was similarly employed and stationed at the New Jersey establishment. Their duties were to see that the United States got what it had contracted for, and particularly that the said "service hats" were made of the material (viz. the hair or fur of certain specified animals in certain definite proportions) agreed on in contract and specifications. The two men who were tried with Gilson and Duffy were employés of one or the other of the factories above named.

The fraud alleged to have been the object of the conspiracy, and actually perpetrated according to the evidence, consisted in substituting inferior hair or fur, or deficient quantities of the more expensive qualities of hair, in that mixture of divers sorts of commercial hairs which, when felted, makes "hatbodies." The result of the fraud was a hat cheaper than, and inferior to that contracted and paid for.

The evidence for the prosecution tended to show that one John J. Slattery, named as a defendant in the indictment, but who died before trial, was the man most actively concerned in, if not the originator of, this scheme of fraud. He went from one factory to the other, giving directions or making arrangements for the preparation of the inferior hair mixtures above referred to. It was not contended below, nor is it argued here, that the fraud did not occur. The defense of the four men tried was that they were no parties to the scheme, were not aware of any wrong, and were therefore not conspirators with Slattery, deceased, or any one else.

Of the four defendants tried, two were acquitted; Gilson and Duffy were convicted, and brought this writ.

Harrison P. Lindabury, of Newark, N. J., for plaintiffs in error.

Francis G. Caffey, U. S. Atty., and Frank M. Roosa, Sp. Asst. U. S. Atty., both of New York City.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The indictment charges as overt acts eight several happenings occurring at sundry dates between June 26, 1916, and October 1, 1917. None of the overt acts alleged to have taken place in 1916 were proven; most of those not proven being appropriate (if at all) only in respect of the defendants as to whom there had been a severance.

[1-3] In his colloquial charge the learned trial judge called the attention of the jury to the fact that the indictment set forth "some eight overt acts." He described certain of the overt acts aforesaid as to which evidence had been given, and further stated:

"If one of these overt acts was performed by one of the parties, or one or more of the parties, then that is sufficient under the statute, providing you find there is a conspiracy, to make out the crime as charged."

He also said:

"If any of these overt acts that I have called your attention to, and such others as you may find from the evidence here, were performed by any of the defendants after the conspiracy had been entered into and during the life of the conspiracy, then, gentlemen, that overt act is binding upon them all, because that you may say was an act in furtherance of the conspiracy."

At the close of the charge counsel for the plaintiffs in error took this exception:

"I desire to except to that part of your honor's charge in which you said that it will be sufficient for the purpose of the charge, as against these defendants, if any one or some of the overt acts alleged in the indictment is established."

It is now asserted that under this charge Gilson and Duffy may have been convicted of a conspiracy without the jury's finding as a fact the commission of an overt act by any conspirator; and this is said to follow from the generality of the court's language, which left the jury to fasten upon some overt act that had not been proven, or one performed by a codefendant who was acquitted, as a means or ground for convicting Gilson and Duffy or one of them.

On due request the trial judge might, and doubtless would, have descended into greater particularity in respect of the overt acts charged and proven. But as a general proposition of law the charge was so plainly right as to need no justification; and in so far as it was insufficient, or too general in respect of this particular case or these particular defendants, the exception did not fairly or at all direct the attention of the court to the insufficiency now complained of. The exception was not sufficiently definite to call the court's attention to the particular matter objected to, and give opportunity to correct it. Hindman v. First National Bank, 112 Fed. 931, 50 C. C. A. 623, 57 L. R. A. 108. It is the rule that an exception must be specific, and not general (Morse v. Tillotson, 253 Fed. 340, —— C. C. A. ——, 1 L. R. A. 485), and there is no difference on this point between the civil and criminal side of the court.

[4, 5] While a plain error as to which no exception is taken may be and often has been noticed by this court, our right so to do "will not be exercised, unless it is evident that very serious injustice will result; the right is not lightly to be invoked, in either a criminal or a civil case." Gruher v. United States, 255 Fed. 478, —— C. C. A. ——. In this instance no injustice was done The evidence was such as to require the submission of the case to the jury, and it is in our opinion a very far-fetched suggestion that the jury might have attached importance to an unproved overt act, when there were so many (far more than the indictment number) of overt acts amply shown by the evidence submitted to them.

Much reliance is placed by plaintiffs in error upon Nash v. United States, 229 U. S. 373, 33 Sup. Ct. 780, 57 L. Ed. 1232. That case arose

under the Sherman Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. §§ 8820–8823, 8827–8830]), and the jury were charged to "consider carefully all the means which the indictment charges" to produce the condition or act denounced by the statute. We think the difference between such an instruction as this and the careful reference of the court below to the overt acts proven is apparent.

In various forms the plaintiffs in error assert that there was no evidence or no sufficient evidence of a conspiracy on their part.

[6] It was undoubtedly a fair question for the jury whether Gilson and Duffy were or were not guilty of no more than stupidity, ignorance, or neglect of duty, or whether they knowingly and willfully assisted in the scheme of Slattery, deceased, to defraud the United States. The evidence on this point was necessarily indirect, as it nearly always is in conspiracy causes. Very rarely do conspirators make an explicit written, or even oral, statement of the nature and object of their agreement.

[7] The jury rendered verdict against these plaintiffs in error, no reasonable doubt was found, and we are not authorized to re-examine that question. The record contains sufficient evidence on the part of the prosecution to require submission to the jury; such reasonable doubt as might have been generated by the evidence for the accused was for the jury alone. Looker v. United States, 240 Fed. 932, 153 C. C. A. 618.

Judgments affirmed.